Case 4:23-cv-02118   Document 37   Filed on 11/29/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SELENA E. MCDADE, ET AL., § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-2118 |
| § | |
| FOUNTAINS AT TIDWELL, ET AL., § | |
| *Defendants*. § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiffs, proceeding pro se and in forma pauperis, filed a Complaint for Violation of Civil Rights asserting claims against the owners and managers of their apartment complex and the clerk of the 165th Harris County District Court related to their unsuccessful state court lawsuit.[1] ECF 1. Pending before the Court is Landlord and Attorney Defendants' Motion to Dismiss and to Sanction Vexatious Litigants. ECF 12. Having considered the parties' submissions and the law, Court RECOMMENDS that Defendants' Motion be GRANTED in part and DENIED in part and Plaintiffs' claims against the Landlord and Attorney Defendants be DISMISSED WITH PREJUDICE.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

I.     **Background**

Selena E. Mcdade sued Fountains at Tidwell, Ltd., Hettig Management Corp., and Investors Management Group, LLC in Cause No. 2017-35361 in the 165th District Court in Harris County, Texas, alleging that mold in her apartment made her sick. *McDade v. Fountains at Tidwell, Ltd.*, No. 14-21-00400-CV, 2022 WL 6602885, at *1 (Tex. App. Oct. 11, 2022, pet. denied); ECF 9-1. The trial court granted Defendants' Motion for Summary Judgment because Mcdade's own expert submitted a report opining that her lung disease was not caused by mold in the apartment. *Id.* The Texas 14th Court of Appeals affirmed the trial court's decision. *Id.*

On February 14, 2022, while review of the state trial court's decision was pending before the 14th Court of Appeals, Mcdade and Farwell filed a Complaint in federal court against Mcdade's lawyer in the state court case, Kraig L. Rushing. *Farwell v. Rushing*, 4:22-cv-0517 (S.D. Tex.) (Feb. 14, 2022). Although current Defendants Matthews, Flores, and Khan were named as defendants, they were not served nor did they appear in the action. After a hearing, District Judge Keith Ellison determined that Plaintiffs did not allege any federal claims and dismissed the case for want of jurisdiction. *Id.* at ECF 35. As far as the Court is aware, Plaintiffs' appeal of that ruling remains pending before the Fifth Circuit as Appeal No. 22-20157.

Spencer Farwell filed the instant federal case on June 7, 2023, naming himself, Selena E. Mcdade, and their children D'Andrea A. Mcdade Farwell, Kiarra A. Farwell, and Ciarra S. Farwell as Plaintiffs.  ECF 1 at 6-7.  Plaintiffs' Complaint asserts claims under 42 U.S.C. § 1983 against the owners and managers of the Fountains at Tidwell apartments ("Landlord Defendants," who were also defendants in state court), an attorney who represented the Landlord Defendants in state court, and Bristalyn Daniels, who is the Court Clerk of the 165th District Court of Harris County.  ECF 1 at 9-13.  The Complaint makes passing reference to 18 U.S.C. §§ 241, 242, and 245 and 42 U.S.C. § 3631 but these are criminal statutes that do not give rise to a private right of action and therefore must be dismissed.  *Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016); *Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *6 (S.D. Tex. Aug. 6, 2014).  In short, Plaintiffs allege that: the Landlord Defendants failed to provide a safe living environment for Mcdade and the children; Defendants' attorney fabricated evidence; and Defendant Daniels removed exhibits from the record.  ECF 1 at 9-13.

## II.     Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  In this case, the Court considers matters of public record filed in (i) Cause No. 2017-35361 in the 165th District Court in Harris County, Texas, (ii)

Appeal No. 14-21-00400-CV in the Texas 14th Court of Appeals; and (iii) Civil Action 4:22-cv-0517 in the Southern District of Texas.

### III.    Analysis

The Landlord (Fountains at Tidwell, LTD, Issac Matthews, Hittig Management Corp., and Walter Barry Kahn) and Attorney (Joshua R. Flores) Defendants assert the following grounds for dismissal of this case: (1) Plaintiffs cannot state a § 1983 claim against private actors; (2) this case is barred by res judicata; and (3) Spencer Farwell lacks standing.  Ground 1 is dispositive and the Court does not address the other grounds.  The Landlord and Attorney Defendants also ask the Court to impose a pre-filing injunction against Plaintiffs as vexatious litigants.  The Court finds that as it currently stands, such a sanction is not warranted.

#### A.    Plaintiffs cannot state a § 1983 claim against the Landlord and Attorney Defendants.

Plaintiffs have a asserted a claim under 42 U.S.C. § 1983, which creates a right of action for the deprivation of constitutional rights.  However, § 1983 claims may be asserted only against state actors.  *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991) (stating "constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities."); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (explaining that a plaintiff in a § 1983 case "must show that the alleged deprivation was committed by a person acting under color of state law."); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir.

1988) (stating that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

The Landlord and Attorney Defendants are private entities, not state actors. Plaintiffs make no allegations which could support a finding that the Landlord and Attorney Defendants acted at any time on behalf of a governmental entity. Accordingly, Plaintiffs fail to state a claim under 42 U.S.C. § 1983 and their claims against the Landlord and Attorney Defendants should be dismissed with prejudice.

### B. Plaintiffs' litigation history in federal court does not yet warrant a pre-filing injunction.

Defendants argue that Plaintiffs' repeated filings are vexatious and that the sanction of a pre-filing injunction, that is, an order requiring pre-approval by the Court to allow any future filings, is warranted. "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citations omitted). The district court's decision is reviewed for abuse of discretion. *Id.* In deciding whether a pre-filing injunction is warranted, the Court weighs the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) (citing *Baum*, 513 F.3d at 189). In *Crear*, the Plaintiff had filed six lawsuits, five of which he voluntarily dismissed. The sixth was dismissed upon granting of defendant's dispositive motion. *Id.* The *Crear* court found the plaintiff's cases were without merit, harassing, and burdensome, but denied the request for a pre-filing injunction because the plaintiff had not previously been warned that he could be subject to sanctions if he persisted in filing duplicative and vexatious lawsuit. *Id.*

A search of the Court's database reveals three federal cases filed by a party named "Spencer Farwell," one of which is this case. The other two are *Farwell v. Rushing*, Civil Action No. 4:22-CV-0517, mentioned above, and *Farwell v. Crosby*, Civil Action No. 4:09-CV-1517, filed in December 2009 by Spencer Farwell, Jr., who may or may not be the Plaintiff here. Selena Mcdade has been a named plaintiff only in this case and the *Rushing* case. As in *Crear*, the Court finds that the appropriate remedy here is a warning to Plaintiffs that further filings related to Selena Mcdade's unsuccessful state court case may result in sanctions, including imposition of a pre-filing injunction requiring prior court approval before filing any new case.

### IV. Conclusion and Recommendation

For the reasons stated above, the Court recommends that the Landlord and Attorney Defendants' Motion to Dismiss and to Sanction Vexatious Litigants (ECF

12) be GRANTED IN PART AND DENIED IN PART and that Plaintiffs' claims against the Landlord and Attorney Defendants be DISMISSED WITH PREJUDICE.

This Memorandum and Recommendation is a WARNING to Plaintiffs, particularly Spencer Farwell, that future lawsuits related to the facts in Cause No. 2017-35361 in the 165th District Court in Harris County, Texas, or the proceedings in that case may result in sanctions, including imposition of a pre-filing injunction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 29, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge