Case 4:23-cv-02118   Document 38   Filed on 11/29/23 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SELENA E. MCDADE, ET AL., | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-2118 |
| | § | |
| FOUNTAINS AT TIDWELL, ET AL., | § | |
|    *Defendants*. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiffs, proceeding pro se and in forma pauperis,[1] filed a Complaint for Violation of Civil Rights asserting claims against the owners and managers of their apartment complex and the clerk of the 165th Harris County District Court related to Selena E. Mcdade's unsuccessful state court lawsuit.[2]  ECF 1.  Pending before the Court is Defendant Bristalyn Daniels' Opposed Motion to Dismiss Plaintiffs' Complaint, to which only Plaintiff Spencer Farwell has responded.  ECF 9; ECF 10.  Having considered the parties' submissions and the law, Court RECOMMENDS that Daniels' Motion be GRANTED.

---

[1] *See Mcdade v. Fountains at Tidwell*, 4:23-MC-0897 (ECF 2).
[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

## I. Background

Selena E. Mcdade sued Fountains at Tidwell, Ltd., Hettig Management Corp., and Investors Management Group, LLC in Cause No. 2017-35361 in the 165th District Court in Harris County, Texas, alleging that mold in her apartment made her sick. *McDade v. Fountains at Tidwell, Ltd.*, No. 14-21-00400-CV, 2022 WL 6602885, at *1 (Tex. App. Oct. 11, 2022), pet. denied (Feb. 10, 2023); ECF 9-1. The trial court granted Defendants' Motion for Summary Judgment because Mcdade's own expert submitted a report opining that her lung disease was not caused by mold in the apartment. *Id.* The Texas 14th Court of Appeals affirmed the trial court's decision. *Id.*

On February 14, 2022, while review of the state trial court's decision was pending before the 14th Court of Appeals, Mcdade and Farwell filed a Complaint in federal court against Mcdade's lawyer in the state court case, Kraig L. Rushing. *Farwell v. Rushing*, 4:22-cv-0517 (S.D. Tex.) (ECF 1 Feb. 14, 2022). Although current defendants Matthews, Flores, and Khan were named as defendants they were never served or appeared in the action. After a hearing, District Judge Keith Ellison determined that Plaintiffs did not allege any federal claims and dismissed the case for want of jurisdiction. *Id.* at ECF 35. As far as the Court is aware, Plaintiffs' appeal of that ruling remains pending before the Fifth Circuit as No. 22-20157.

Spencer Farwell filed the instant federal case on June 7, 2023, naming himself, Selena E. Mcdade, and their children D'Andrea A. Mcdade Farwell, Kiarra A. Farwell, and Ciarra S. Farwell as Plaintiffs. ECF 1 at 6-7. Plaintiffs' Complaint asserts claims under 42 U.S.C. § 1983 against the owners and managers of the Fountains at Tidwell apartments ("Landlord Defendants," who were also defendants in state court), an attorney who represented the Landlord Defendants in state court, and Daniels, who is the Court Clerk of the 165th District Court of Harris County. ECF 1 at 9-13. The Complaint makes passing reference to 18 U.S.C. §§ 241, 242, and 245 and 42 U.S.C. § 3631 but these are criminal statutes that do not give rise to a private right of action and therefore must be dismissed. *Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016); *Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *6 (S.D. Tex. Aug. 6, 2014). In short, Plaintiffs allege that the Landlord Defendants failed to provide a safe living environment for Mcdade and the children, Defendants' attorney fabricated evidence, and Defendant Daniels removed exhibits from the record, preventing a full record before the appellate court. *Id.*

## II.     Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court considers matters of public record filed in (i) Cause No. 2017-35361 in the 165th District Court in Harris County, Texas, (ii)

Appeal No. 14-21-00400-CV in the Texas 14th Court of Appeals; and (iii) Civil Action 4:22-cv-0517 in the Southern District of Texas.

### III. Analysis

Daniels asserts the following grounds for dismissal of this case: (1) the jurisdictional bar of the *Rooker-Feldman* doctrine; (2) res judicata and collateral estoppel; (3) absolute immunity; (4) qualified immunity; (5) official immunity; and (6) statute of limitations.

#### A. Standing

As an initial matter, the Court must address Plaintiffs' standing to bring this action. A person generally does not have standing to vindicate the constitutional rights of a third party. *Singleton v. Wulff*, 428 U.S. 106, 114 (1976). Any claim against Daniels under § 1983 for violation of Selena Mcdade's constitutional right to due process in Cause No. 2017-35361 in the 165th District Court in Harris County, Texas belongs to Selena Mcdade, the only plaintiff in that case. Claims brought Spencer Farwell and the children must be dismissed.

Further, 28 U.S.C. § 1654 does not allow Spencer Farwell, who is not a lawyer, to represent Selena Mcdade. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (stating "[i]t is axiomatic that an individual may proceed pro se in civil actions in federal court, *see* 28 U.S.C. § 1654, but it is equally certain that those not licensed to practice law may not represent the legal interests of others,

*see Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978)."). Selena Mcdade did not sign the Complaint or the Response to Daniels' Motion to Dismiss. ECF 1; ECF 10. While the Court will not grant a motion to dismiss solely based on a lack of response, the Response filed by Spencer Farwell is not properly before the Court and will not be considered.

### B. *Rooker-Feldman*

The *Rooker-Feldman* doctrine bars federal court review of a state court decision and precludes a losing state court litigant from seeking review, relief, or a remedy from a prior state court judgment in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the confines of the Rooker-Feldman doctrine and stating that it applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.). Although the inartful Complaint challenges the correctness of the state court judgment, Plaintiffs' specific claim against Daniels is not a collateral attack on the state court judgment. Instead, Plaintiffs seek damages from Daniels under 42 U.S.C. § 1983 alleging Daniels violated Selena Mcdade's constitutional right to due process by removing evidence from the record in the state court case in order to help the defendants. ECF 1 at 4, 11-12. Thus, the *Rooker-Feldman* doctrine does not apply here.

### C. Claim and issue preclusion

Res judicata bars litigation of claims that either have been litigated or should have been raised in an earlier suit if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Daniels was not a party to the state court case, thus res judicata does not apply.

Collateral estoppel bars litigation of an issue if (1) the issue is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that earlier action. *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999). No claim or issue related to conduct by Daniel was litigated in state court, thus collateral estoppel does not apply.

### D. Immunity

As the Clerk of Court for the 165th Judicial District, Daniels' actions as a clerk are protected by absolute quasi-judicial immunity, qualified immunity from federal claims, and official immunity from state law claims. *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010) (extending judicial immunity to court clerks from actions "for damages arising from acts they are specifically required to do under

court order or at a judge's discretion."); *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) ("Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))); *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012) (recognizing that governmental employees are entitled to official immunity on state-law claims for (1) the performance of discretionary duties (2) that are within the scope of the employee's authority, (3) provided that they act in good faith, and that official immunity under Texas law is substantially the same as qualified immunity under federal law). However, immunity would not extend to Daniels' independent, wrongful actions outside the scope of her official duties, such as destroying evidence to influence the outcome of a case. *See id.* Therefore, the Court concludes that Daniels' motion to dismiss the claims against her on the basis of judicial, qualified, and official immunity should be denied as to the specific allegations of the Complaint.

### E. Statute of Limitations

Daniels also argues that Plaintiffs' § 1983 claim against her is barred by the statute of limitations. Claims pursuant to 42 U.S.C. § 1983 are subject to Texas's

two-year statute of limitations for personal injury actions. *Mosley v. Houston Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in TEX. CIV. PRAC. & REM CODE § 16.003 applies to § 1983 claim). The accrual date of a cause of action under § 1983 is a question of federal law, which provides that a cause of action generally accrues at the time "the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) ("the particular accrual date of a federal cause of action is a matter of federal law."). This federal rule of accrual has been called the "time of event" rule. *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 232 (5th Cir. 1984).

Plaintiffs allege that Daniels removed attachments from Plaintiffs' filing on February 20, 2020. ECF 1 at 11. Plaintiffs also allege that Daniels refused to file the Clerk's record with the appellate court. *Id.* at 12. Plaintiffs make no other specific allegation of a wrongful act by Daniels. Public records demonstrate that the Clerk's record was filed in Appeal No. 14-21-00400 on August 25, 2021, negating any plausible claim that Daniels failed to file the Clerk's record in accordance with state law.[3] The only other basis for Plaintiffs' § 1983 claim is the alleged removal of attachments from Plaintiff's filing on February 20, 2020. Thus, the "time of

---

[3] *See* https://search.txcourts.gov/Case.aspx?cn=14-21-00400-CV&coa=coa14 (last visited October 16, 2023).

event" that triggered accrual of Plaintiffs' § 1983 claim was February 20, 2020. This case was filed on June 7, 2023, more than two years after the accrual date of February 20, 2020. Therefore, Plaintiffs' claims are time-barred.

## VIII. Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that all claims in this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 29, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge