United States District Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SELENA E. MCDADE, *et al*, | § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-02118 |
| Plaintiffs, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| FOUNTAINS AT TIDWELL LTD, *et al*, | | |
| Defendants. | | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Spencer Farwell, proceeding *pro se* and *in forma pauperis*, filed a complaint for violation of civil rights on behalf of himself and his wife and children against the owners and managers of their apartment complex and the clerk of the 165th Harris County District Court. Dkt 1.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A Bryan, recommending that claims against Defendants Fountains at Tidwell LTD, Issac Matthews, Hittig Management Corp, Walter Barry Kahn, and Joshua R Flores be dismissed with prejudice because Plaintiffs cannot state a claim against private actors under Section 1983 of Title 42 of the United States Code, while also recommending that vexatious litigant sanctions be denied at this time. Dkt 37.

Also pending is a Memorandum and Recommendation by Judge Bryan, recommending that claims against Defendant Bristalyn Daniels be dismissed with prejudice as time-barred. Dkt 38.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff Spencer Farwell filed objections and a purported affidavit supporting them. Dkts 39 & 40. He argues that the parties didn't consent to proceeding before the Magistrate Judge and makes unsupported allegations of fraud by Defendants. The argument itself proceeds from the mistaken assumption that consent of the parties is necessary for the Magistrate Judge to enter recommended dispositions of pretrial dispositive motions. It isn't. See FRCP 72(b)(1).

As to his other objections, the Federal Rules of Civil Procedure require parties to file "specific written objections to the proposed findings and recommendations." FRCP 72(b)(2). *De novo* review isn't required for parts of the recommendations that aren't "properly objected to." FRCP 72(b)(3). Farwell's other objections are improper because they don't specify any disputed determination in the memoranda and recommendations of the Magistrate Judge. Even so, upon *de novo* review and determination and to the extent discernible, the objections are overruled as lacking merit.

No clear error otherwise appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

The objections by Plaintiff Spencer Farwell to the Memoranda and Recommendations of the Magistrate Judge are OVERRULED. Dkt 39.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memoranda and Orders of this Court. Dkts 37 & 38.

This case is DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on December 28, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge